Michael Thomas Pro Se
Thomas Tours Inc.
763 Carl Avenue
New Kensington, PA 15068

FILED
MAR 11 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

# District Court for the Western District of Pennsylvania

| | |
|---|---|
| Steve Markos ) | Case No: 2:20-cv-00228-JFC |
| Plaintiff ) | |
| v. ) | |
| Thomas Tours Inc. ) | |
| Defendant ) | |

## THE ANSWER

### SUBSTANCE OF THE ACTION

1. The defendant denies that it ever engaged in any copyright infringement, willful or not.

### PARTIES

1. The Defendant lacks sufficient knowledge to form a belief regarding the truth of this paragraph and it is therefore denied.

2. Admitted

### JURISDICTION AND VENUE

3. Admitted

4. Admitted

5. Admitted

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A. PLAINTIFF'S BUSINESS**

6. The Defendant lacks sufficient knowledge to form a belief regarding the truth of this paragraph and it is therefore denied.

7. The Defendant lacks sufficient knowledge to form a belief regarding the truth of this paragraph and it is therefore denied.

**B. DEFENDANT'S UNLAWFUL ACTIVITIES**

8. The Defendant lacks sufficient knowledge to form a belief regarding the truth of this paragraph and it is therefore denied.

9. The Defendant lacks sufficient knowledge to form a belief regarding the truth of this paragraph and it is therefore denied.

10. The Defendant lacks sufficient knowledge to form a belief regarding the truth of this paragraph and it is therefore denied.

11. The Defendant denies that it ever engaged in any copyright infringement, willful or not.

12. The Defendant lacks sufficient knowledge to form a belief regarding the truth of this paragraph and it is therefore denied.

13. The Defendant denies that it ever engaged in any copyright infringement, willful or not, and specifically denies ever cropping a picture for the purpose of eliminating copyright notice, mark or information.

14. The Defendant denies that it ever engaged in any copyright infringement, willful or not, and specifically denies ever removing copyright notice, mark or information from any photograph used in connection with its business

**FIRST CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT (17 U.S.C. §101 ET SEQ)**

15. The responses to paragraphs 1-14 are incorporated by reference.

16. The Defendant lacks sufficient knowledge to form a belief regarding the truth of this paragraph and it is therefore denied.

17. The Defendant lacks sufficient knowledge to form a belief regarding the truth of this paragraph and it is therefore denied.

18. The Defendant denies that it ever engaged in any copyright infringement, willful or not.

19. The Defendant denies that it ever engaged in any copyright infringement, willful or not.

20. The Defendant denies that it ever engaged in any copyright infringement, willful or not and therefore no damages are recoverable.

21. The Defendant denies that it ever engaged in any copyright infringement, willful or not, and therefore no damages are recoverable.

22. The Defendant denies that it ever engaged in any copyright infringement, willful or not, and therefore no costs or attorney's fees are recoverable.

23. The Defendant denies that it ever engaged in any copyright infringement, willful or not, and therefore no injunctive relief regarding future violation is warranted.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)

24. The responses to paragraphs 1-23 are incorporated by reference.

25. The Defendant denies that it ever engaged in any copyright infringement, willful or not, and specifically denies ever cropping a picture for the purpose of eliminating copyright notice, mark or information.

26. The Defendant denies that it ever engaged in any copyright infringement, willful or not, and specifically denies ever removing copyright notice, mark or information from the photograph used in connection with its business.

27. The Defendant denies that it ever engaged in any copyright infringement, willful or not, or any violation of the Digital Millennium Copyright Act.

28. The Defendant denies that it ever engaged in any copyright infringement, willful or not, and therefore no damages are recoverable.

29. The Defendant denies that it ever engaged in any copyright infringement, willful or not, and therefore no injunctive relief regarding future violation is warranted.

30. The Defendant denies that it ever engaged in any copyright infringement, willful or not, and therefore no costs or attorney's fees are recoverable.

**WHEREFORE,** the Defendant demands judgment in its favor and against the Plaintiff on all allegations and theories of recovery.

## COUNTERCLAIM

1. The Plaintiff has willfully caused unmarked copies of photographs that he copyrighted to be readily available on the internet.

2. The Plaintiff intentionally seeks to find instances of use of these unmarked photographs for the purpose of suing the users. SEE: EXHIBIT 1 and EXHIBIT 2

3. By filing the Complaint, the Plaintiff has committed a fraud on this Court, attempting to use the Court to further his practice of gaining by legal process remuneration far in excess of what he would be able to obtain by fair commerce. SEE: EXHIBIT 3 & 4

4. The actions of the Plaintiff in setting up what may appear to be a copyright infringement and then suing the Defendant have harmed the Defendant by consumption of business resources in an amount to be determined at trial.

5. The Plaintiff's civil action is defamatory to the Defendant and harmful to its business interests

6. The Defendant is entitled to damages and costs resulting from the Plaintiff's actions.

**WHEREFORE**, the Defendant demands judgement as follows:

1. An award of compensatory damages to be determined at trial.

2. An award of punitive damages sufficient to discourage the Plaintiff from engaging in this sort of baseless lawsuit in the future.

3. An award of costs associated with defending this claim and asserting this counterclaim.

Respectfully submitted this 11th day of March, 2020.

Michael Thomas Pro Se
Thomas Tours Inc.
763 Carl Avenue
New Kensington, PA  15068
724-337-9000 office

Copy submitted to:
Rachel M. Good
Duane Morris LLP
600 Grant Street, Suite 5010
Pittsburgh, PA  15219